UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____  )
ZURICH AMERICAN INSURANCE,                        )
COMPANY,                                          )   No. C03-2982L
                                                  )
                        Plaintiff,                )
         v.                                       )   ORDER GRANTING PLAINTIFF'S
                                                  )   MOTION TO STRIKE
EMPLOYERS INSURANCE COMPANY                       )   SUPPLEMENTAL DISCLOSURES
OF WAUSAU,                                        )
                                                  )
                        Defendant.                )
_____)

This matter comes before the Court on "Plaintiff's Motion to Strike Defendant's Supplemental Disclosure of Witnesses and Documents." Dkt. # 40. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) In its "Order Granting in Part Defendant's Motion in Limine Regarding the Testimony of Randy Kent," of even date, the Court excluded from evidence the previously undisclosed opinions of Mr. Kent. There being no "new" opinions to rebut, defendant's supplemental disclosure of Fred G. Infield as an expert in this litigation is unnecessary. Nor is the disclosure of Mr. Infield's opinions harmless in the context of this case: not only have the expert disclosure and discovery deadlines passed long ago, but the parties filed and fully briefed their summary judgment motions based on the existing record. To require plaintiff to begin the expert disclosure and discovery process again at this late date would initiate a second round of

ORDER GRANTING PLAINTIFF'S MOTION
TO STRIKE SUPPLEMENTAL DISCLOSURES

discovery and dispositive motion practice, causing unjustified waste and duplication of effort. The Court finds that defendant's late disclosure is neither justified nor harmless under Fed. R. Civ. P. 37(c)(1).

(2) Until mentioned by defendant, there was no indication in the record before this Court that the limits of defendant's policy were at issue or that plaintiff had taken a "surprising" position regarding such limits. Statements made during the mandatory mediation process are confidential and do not justify the untimely disclosure of fact witnesses and documents to rebut arguments that may never be raised in litigation. In addition, policy interpretation under Washington law generally does not turn on, or involve an inquiry into, the unilateral or subjective intentions of the insurer or its underwriters. Supplemental disclosures on this point were neither justified nor harmless. The three Hartford Steam Boiler Inspection & Insurance Company witnesses will not be permitted to testify at trial and any documents that were not disclosed to plaintiff on or about August 2, 2004, will not be admitted into evidence.

(3) Plaintiff's various requests for sanctions against defendant are denied. Mr. Kent's declaration did, in fact, contain some "new" opinions which could have justified a supplemental disclosure on defendant's part. The Court finds that a motion to exclude, such as that filed by plaintiff, was an appropriate and sufficient remedy for defendant's conduct: no further sanction is necessary.

DATED this 25th day of July, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
TO STRIKE SUPPLEMENTAL DISCLOSURES    -2-