UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
ZURICH AMERICAN INSURANCE,                )
COMPANY,                                  )   No. C03-2982L
                                          )
                    Plaintiff,            )
        v.                                )   ORDER GRANTING IN PART
                                          )   DEFENDANT'S MOTION IN LIMINE
EMPLOYERS INSURANCE COMPANY               )   REGARDING THE TESTIMONY OF
OF WAUSAU,                                )   RANDY KENT
                                          )
                    Defendant.            )
_____)

This matter comes before the Court on "Defendant's Motion in Limine/to Strike Portions of the Declaration of Randy Kent and Memorandum in Support Thereof." Dkt. # 29.[1] Plaintiff's opposition was included in its "Reply in Support of its Motion for Partial Summary Judgment." Dkt. # 37 at 6-9. Defendant did not file a reply.

Mr. Kent's December 7, 2004, report adequately discloses his view that the

---

[1] Pursuant to Local Civil Rule 7(g), requests to strike material contained in a motion or brief must be included in the responsive memorandum, if any, and "shall not be presented in a separate motion to strike." Defendant could have and should have raised its objections to Mr. Kent's declaration in its opposition to plaintiff's motion for summary judgment. To the extent defendant seeks an exclusionary ruling in connection with the underlying motions for summary judgment, its improperly-filed motion to strike is therefore DENIED. The Court has, however, evaluated defendant's arguments for purposes of trial.

ORDER GRANTING IN PART DEFENDANT'S
MOTION IN LIMINE RE: RANDY KENT

maintenance problems Jorgensen experienced with the 5000-ton press (see page 3) were causally connected to (a) the increase in hydraulic pressure that occurred when the press was upgraded from a 3000-ton press to a 5000-ton press in 1998 and (b) the progressive fatigue cracks in the lower crosshead (see pages 3 and 9).  Defense counsel questioned Mr. Kent about the connection between the upgrades, the crack of the lower crosshead, and the maintenance problems during Mr. Kent's deposition.  The Court finds that the opinions contained in paragraphs 7, 9, and 10 of Mr. Kent's April 12, 2005, declaration (Dkt. # 21), as well as the first two sentences of paragraph 8, are not new and are not, or should not have been, a surprise to defendant.

The opinions set forth in the last sentence of paragraph 8 and in paragraph 12 regarding what Jorgensen might have or could have done with regards to the crack in the lower crosshead were not, however, disclosed in Mr. Kent's December 7, 2004, report.  Nor were these opinions discussed during Mr. Kent's deposition.  Mr. Kent will not, therefore, be permitted to opine at trial regarding Jorgensen's hypothetical activities.

Plaintiff inadvertently attached a draft version of Mr. Kent's report to his April 12, 2005, declaration.  The correct version of the report is attached as Exhitit A to the Declaration of Dale L. Kingman (Dkt. # 38).  Defendant's objections to the draft version of Mr. Kent's conclusion are well-founded, but it appears that plaintiff does not intend to rely upon that draft.

For all of the foregoing reasons, defendant's motion in limine to exclude certain portions of Mr. Kent's testimony is GRANTED in part.  Mr. Kent shall not be permitted to opine regarding what Jorgensen would have done had it discovered the lower crosshead crack before July 1, 2002, or how it could have repaired the crack once it was discovered.  The other opinions set forth in Mr. Kent's declaration were adequately disclosed, however, and may be presented at trial.  Defendant's objections to the inadvertently-filed conclusion are moot.

ORDER GRANTING IN PART DEFENDANT'S
MOTION IN LIMINE RE: RANDY KENT           -2-

DATED this 25th day of July, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S
MOTION IN LIMINE RE: RANDY KENT             -3-