UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ZURICH AMERICAN INSURANCE,  )
COMPANY,                    )  No. C03-2982L
                            )
           Plaintiff,       )
                            )  ORDER DENYING DEFENDANT'S
      v.                    )  MOTION FOR RECONSIDERATION
                            )  REGARDING PARTIAL SUMMARY
EMPLOYERS INSURANCE COMPANY )  JUDGMENT ORDER
OF WAUSAU,                  )
                            )
           Defendant.       )
_____)

On July 25, 2005, the Court granted plaintiff's motion for partial summary judgment regarding liability. Dkt. # 49. Defendant has filed a timely "Motion for Reconsideration" (Dkt. # 52) in which it argues that the Court's decision demonstrates manifest error by (1) misapprehending counsel's statements at oral argument, (2) incorrectly interpreting the declarations of the insured's employees, and (3) applying the *contra proferentum* doctrine in this dispute between two insurers.

Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier without reasonable diligence." Local Civil Rule 7(h)(1). Defendant has not met this burden. No new facts or legal authority

ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION REGARDING
PARTIAL SUMMARY JUDGMENT ORDER

have been presented and defendant has not shown manifest error.  Contrary to defendant's supposition, the Court's finding regarding a causal relationship between the crack in the lower crosshead and the maintenance problems that arose during Wausau's policy period was not based on counsel's statements at oral argument or the employees' declarations.  Those sources simply confirmed that there were, in fact, maintenance problems while defendant was on the risk.  The causal relationship between the crack and those problems was established through the declaration and report of Randy Kent, P.E.  As for the Court's decision to interpret ambiguities in the policy in favor of Zurich, defendant has not shown why the Court should ignore the only Washington case that touches on this subject (Farmers Home Mut. Ins. Co. v. Ins. Co. of N. Am., 20 Wn. App. 815, 820 (1978)) or explained how courts could avoid the very real risk that identical policy provisions would be given inconsistent interpretations if the *contra proferentum* doctrine were not applied in this context.

       For all of the foregoing reasons, defendant's motion for reconsideration regarding Dkt. # 49 is DENIED.

       DATED this 29th day of August, 2005.

                                          /s/ Robert S. Lasnik
                                      Robert S. Lasnik
                                      United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION REGARDING
PARTIAL SUMMARY JUDGMENT ORDER       -2-